Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. PAUL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA INNOVATIONS, INC., a Canadian Corporation; CTM GROUP, INC., a New Hampshire Corporation; GAP, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Gregory S. Paul (hereinafter "Paul") by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

- 1 -

COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Paul in an individual.

5. Plaintiff is informed and believes and thereon alleges that Defendant CALIFORNIA INNOVATIONS, INC. ("CII") is a Canadian corporation doing business in and with California.

6. Plaintiff is informed and believes and thereon alleges that CTM GROUP, INC. ("CTM") is a New Hampshire corporation that does business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that GAP, INC. ("Gap") is California corporation that does business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of Product to named Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying product incorporating Plaintiff's copyrighted artwork (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will

seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 6 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PAUL'S DINOSAUR ARTWORK

11. Plaintiff created and owns certain works of art ("Artwork") pictured in the ARTWORK column of the design comparison set forth in paragraph 17, *infra*.

12. The Artwork is registered with the United States Copyright Office.

13. The Artwork was published before the acts of infringement complained of herein, appearing in various publications and elsewhere.

14. Following the Artwork's publication, Plaintiff's investigation revealed that Defendants, and each of them, misappropriated the Artwork, and were marketing,

- 3 -

COMPLAINT

advertising, and selling product bearing and incorporating unauthorized and illegal reproductions and derivations of the Artwork.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, created, sold, manufactured, caused to be manufactured, distributed, and marketed products featuring as their primary art designs that are substantially similar to, and copied from, the Artwork (hereinafter "Infringing Product"). These products include but are not limited to the products depicted in the Infringing Product column of the design comparison set forth in paragraph 17, *infra*.

16. A comparison of the Artwork and an exemplars of the Infringing Product clearly indicates that the elements, composition, colors, arrangement, layout, and aesthetic of the two designs are at least substantially similar.

17. True and correct images of the Artwork and one non-inclusive exemplar of certain of the Infringing Product are set forth below:

///

///

- 4 -

COMPLAINT

| ARTWORK: | Infringing Product Exemplars: Gap Exemplars: |
|---|---|
|  |  |





CII Exemplars:




CTM Exemplars:



COMPLAINT





- 7 -

COMPLAINT

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

18. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19. Defendants, and each of them, have marketed, distributed, and sold product bearing imagery that was copied without authorization from the Artwork.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Artwork, including, without limitation, through access to the products, marketing material, books, publications, and websites that incorporate the Artwork.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Artwork and by producing, distributing and/or selling Infringing Product that infringes Plaintiff's rights in the Artwork through a nationwide network of retail stores, catalogues, museums, and through on-line websites.

22. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

23. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Artwork. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly

1 attributable to Defendant's infringement of the Artwork in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, or a preclusion from asserting certain affirmative defenses and making certain deductions from the disgorgeable profits sought to be recovered through this action.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

26. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Product featuring the Artwork as alleged herein.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

29. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as

well as additional general and special damages in an amount to be established at trial.

30. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Artwork, in an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, or a preclusion from asserting certain affirmative defenses and making certain deductions from the disgorgeable profits sought to be recovered through this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Artwork;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

    c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

    d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq. or other authority;

    e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    f. That a trust be imposed over any product, or revenues derived from any product, that bears the Artwork;

    g. That Plaintiff be awarded pre-judgment interest as allowed by law;

    h. That Plaintiff be awarded the costs of this action; and

    i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 3, 2016    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff